UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE J. LUBERDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10 CV 1638 DDN |
| ) | |
| REGIONS BANK, d/b/a ) | |
| REGIONS MORTGAGE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

This action is before the court on the motion of plaintiff George J. Luberda for summary judgment (Doc. 10) and the motion of defendant Regions Bank for summary judgment (Doc. 22). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 5.) Oral arguments were heard on March 11, 2011.

**I.  BACKGROUND**

On September 2, 2010, plaintiff George J. Luberda, Esq., acting pro se, commenced this action against defendant Regions Bank for damages arising out of the use of plaintiff's escrow funds. (Doc. 1.)

Plaintiff alleges two claims in his complaint. In Count I, he alleges that defendant breached its fiduciary duty under Missouri state law[1] by not using funds from his escrow account to pay his 2009 real estate taxes; by not revealing to him that it was instead going to use his escrow funds to offset the balance of his first mortgage; and by giving him mistaken and self-interested advice. (Id. at 6-7.)  In Count II, he alleges that defendant violated the Real Estate Settlement Procedures Act (RESPA) by applying part of his escrow funds to his first mortgage and by returning the rest of his escrow funds to him rather than

---

[1]Plaintiff's complaint specifically cites Pool v. Farm Bureau Town & Country Ins. Co. of Mo., 311 S.W.3d 895 (Mo. Ct. App. S.D. 2010), as authority for the claim asserted in Count I.

using his escrow funds to pay his 2009 real estate taxes. (Id. at 7-8.) Plaintiff alleges that as a result of defendant's conduct, he has suffered significant financial damages, including an increase in debt, costs, and expenses, and other damages, including loss of time and opportunity. (Id. at 8-9.)

## II. MOTIONS FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment as to Count II, and defendant moves for summary judgment as to Counts I and II. (Docs. 10, 22.) Plaintiff argues that there is no dispute that defendant applied his escrow funds against his first mortgage and returned the remaining escrow funds to him rather than using his escrow funds to pay his 2009 real estate taxes. Plaintiff argues that defendant's conduct violates the RESPA because defendant was required to use his escrow funds to pay his 2009 real estate taxes.

Defendant argues that plaintiff agreed to the arrangement, and that the application of plaintiff's escrow funds was proper because his 2009 real estate taxes had not yet come due. Defendant also argues that plaintiff has not suffered actual damages because he retained the full benefit of his escrow funds. Defendant further argues that Missouri law does not recognize a fiduciary relationship between the parties under these circumstances.

## III.   STATEMENT OF UNDISPUTED FACTS

In April 2002, plaintiff entered into a mortgage transaction with defendant. (Docs. 24-10, 24-11.) The mortgage was for $106,000.00, and the agreed upon interest rate was 7.0000 percent. (Id.) The terms of the agreement required plaintiff to make monthly payments of $705.22 to defendant, to be applied against the principal and interest of his loan, and monthly payments of money to be placed in escrow and applied to plaintiff's yearly real estate taxes. (Id.)

In 2009, plaintiff applied to defendant to refinance this mortgage at a lower interest rate. (Doc. 24, ¶ 3.) Plaintiff's application was accepted. (Id. at ¶ 4.) The refinancing loan closed on November 9, 2009, and was funded on November 16, 2009. (Id.)

On November 16, 2009, the payoff balance on plaintiff's first loan was $95,753.90. (Doc. 24-9.) The balance of plaintiff's escrow account was $2,762.24 as of November 5, 2009. (Id.) As of November 16, 2009, the amount of interest for the payoff amount was $275.46, in interest fees on his first mortgage for the month of November, and a $27.00 recording fee. (Id.) On November 16, 2009, defendant applied $1,859.30 of plaintiff's escrow funds against the interest fee, recording fee, and first loan balance, thus making the principal balance of plaintiff's first mortgage $94,197.06, and the balance of plaintiff's escrow account $902.94. (Id.)

Pursuant to the parties' settlement statement (HUD-1 Settlement Statement), plaintiff's refinancing loan began with a balance of $99,100.00. (Doc. 24-1.) This accounted for a payoff of $94,197.06 balance of plaintiff's first mortgage, as well as $4,902.94 in settlement charges. (Id.) Included within the settlement charges was $2,167.20 for plaintiff's 2009 real estate taxes. (Id.)

On December 1, 2009, defendant disbursed the remaining $902.94 from plaintiff's escrow account to plaintiff via check. (Doc. 24-2 at 6.) The accounting as of November 16 and December 1, 2009, is represented as follows:

**November 16, 2009**

| | | |
|---|---|---|
| ESCROW BALANCE: | $2,762.24 | |
| ESCROW WITHDRAW: | $1,850.30 | |
| NOVEMBER INTEREST: | | $275.46 |
| RECORDING FEE: | | $27.00 |
| PRINCIPAL: | | $1,556.84 |
| REMAINING ESCROW: | $902.94 | |
| | | |
| PRINCIPAL BALANCE: | $95,753.90 | |
| ESCROW FUNDS: | $1,556.84 | |
| REMAINING BALANCE: | $94,197.06 | |
| | | |
| REMAINING BALANCE: | $94,197.06 | |
| SETTLEMENT COSTS: | $4,902.94 | |
| REFINANCING LOAN: | $99,100.00 | |

**DECEMBER 1, 2009**

| | |
|---|---|
| REMAINING ESCROW: | $902.94 |
| DISBURSEMENT: | $902.94 |
| FIRST ESCROW ACCOUNT: | $0.00 |

## IV. DISCUSSION

**A. Count II: RESPA**

The Real Estate Settlement Procedures Act of 1974 states:

(g) Administration of escrow accounts

> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

12 U.S.C. § 2605(g). To prevail on a claim of a § 2605(g) violation, the plaintiff-borrower must prove: (1) he had a federally related mortgage loan; (2) the terms of the loan agreement require him to make payments to an escrow account; (3) he owed taxes or premiums that were to be paid out of the escrow account; (4) the defendant-servicer failed to make such payments in a timely manner; and (5) at the time the tax or premium was due, he was not more than 30 days delinquent in making mortgage payments. Hyderi v. Washington Mut. Bank, FA, 235 F.R.D. 390, 399 (N.D. Ill. 2006).

**1. Timely Payments**

Although the statute does not define a "timely manner," courts have explained that "[t]he 'timely payments' requirement . . . requires that servicers who collect funds from borrowers in order to pay taxes, insurance premiums, and other charges make those payments in a timely manner so as to avoid penalties thereon." Kevelighan v. Trott & Trott, P.C., No. 09-12543, 2010 WL 2697120, at *4 (E.D. Mich. July 7, 2010); see also Marks v. Quicken Loans, Inc., 561 F. Supp. 2d 1259, 1264 (S.D. Ala. 2008); Hyderi, 235 F.R.D. at 400. This is consistent with the Department of Housing and Urban Development's interpretation of § 2605(g):

> If the terms of any federally related mortgage loan require the borrower to make payments to an escrow account, the servicer must pay the disbursements in a timely manner, that is, **on or before the deadline to avoid a penalty**, as long as the borrower's payment is not more than 30 days overdue.

24 C.F.R. § 3500.17(k)(1) (emphasis added).

Regarding plaintiff's 2009 real estate taxes, Mo. Rev. Stat. § 443.453 states:

> Financial institutions, as defined in [Mo. Rev. Stat. § 381.410], which are mortgage servicers, shall pay property tax obligations which they service from escrow accounts, as defined in Title 24, Part 3500, Section 17, Code of Federal Regulations, in one annual payment before the first day of January of the year following the year for which the tax is levied.

Mo. Rev. Stat. § 443.453. Thus, the deadline for paying plaintiff's 2009 real estate taxes was December 31, 2009.

Therefore, defendant was not obligated by § 2605(g) to use plaintiff's escrow funds to pay plaintiff's 2009 real estate taxes in November 2009. See Marks, 561 F. Supp. 2d at 1265 (finding plaintiff's claim under § 2605(g) failed because "nothing in § 2605(g) obliged [the] defendant to pay the . . . insurance bill (which was not due until March 31, 2007) prior to transferring loan service responsibilities . . . on February 8, 2007").

Further, plaintiff does not allege that defendant failed to "make payments from [his] escrow account . . . in a timely manner," as is required by § 2605(g). Plaintiff does not allege that defendant failed to pay his 2009 real estate taxes, or that defendant was late in paying his 2009 real estate taxes. As a result, plaintiff has not alleged a cognizable claim based on a violation of § 2605(g). Cf. Girgis v. Countrywide Home Loans, Inc., No. 1:10-CV-00590, 2010 WL 4365884, at *4 (N.D. Ohio Oct. 28, 2010)(that the defendants improperly charged the plaintiffs' escrow account for insurance was not a violation of § 2605(g) because § 2605(g) "creates a cause of action where servicers do not timely make insurance or tax payments out of escrow accounts, resulting in penalties to the borrowers").

Therefore, plaintiff's claim that defendant wrongfully failed to use his escrow funds to pay his 2009 real estate taxes does not fall within the compass of § 2605(g).

**2. Waiver**

Before the refinancing loan agreement was executed, the parties signed a Settlement Statement (HUD-1 Settlement Statement). The terms of the agreement state that a portion of the refinancing loan would be used to pay $4,902.94 in settlement charges, and that those charges included $2,167.20 for plaintiff's 2009 real estate taxes. (Docs. 18-1, 24-1.)

Plaintiff argues that he could not, under the law, waive the provisions of § 2605(g). Case law indicates, however, that the parties are permitted to agree upon terms, including a waiver, concerning collection and administration of escrow funds. See In re Thrash, 433 B.R. 585, 595 (N.D. Tex. Bank. July 28, 2010) (noting that the parties "agreed there would be no procedure in place for an escrow of taxes in connection with the loan"); Kevelighan, 2010 WL 2697120, at *4 ("§ 2605(g) governs when a servicer is required to pay taxes and insurance premiums on a mortgaged property *where there has been no escrow waiver*") (emphasis added).

Moreover, courts have emphasized the need to evaluate § 2605(g) claims under a reasonableness standard. Webb v. Chase Manhattan Mortg. Corp., No. 2:05-cv-0548, 2008 WL 2230696, at *16 (S.D. Ohio May 28, 2008); Hyderi, 235 F.R.D. at 401. The parties' written agreement stated that defendant was to pay plaintiff's 2009 real estate taxes with proceeds from plaintiff's refinancing loan. Plaintiff cannot now seek to impose liability on defendant for actions to which plaintiff agreed.

Therefore, plaintiff has not alleged a cognizable claim based on a violation of § 2605(g). As a result, summary judgment is issued for defendant as to Count II.

**B. Count I: Fiduciary Duty**

In Count I plaintiff alleges that defendant breached its fiduciary duty by forcing him to borrow additional funds, for which he must pay

interest, in order to pay his 2009 real estate taxes, rather than using funds from his escrow account, citing <u>Bakewell v. Heritage Nat. Bank</u>, 890 S.W.2d 653, 659 (Mo. Ct. App. E.D. 1994). Defendant argues that its only obligations to plaintiff are contract-based, because a lender does not owe a fiduciary duty to its borrower.

Whether Missouri law recognizes a fiduciary relationship in this context is not clear and is more appropriately presented to the Missouri courts. Because summary judgment is issued herewith in favor of defendant on plaintiff's sole federal law claim, the court declines to exercise supplemental jurisdiction over Count I, and instead leaves it for resolution by the courts of Missouri. 28 U.S.C. § 1367(c)(1), (3).

## **V. CONCLUSION**

For the reasons discussed above, that the motion of plaintiff George J. Luberda for summary judgment (Doc. 10) is denied, the motion of defendant Regions Bank for summary judgment (Doc. 22) is sustained as to Count II and denied as to Count I, and Count I of plaintiff's complaint is dismissed without prejudice.

An appropriate Judgment Order is issued herewith.


                                      /S/   David D. Noce
                              **UNITED STATES MAGISTRATE JUDGE**


Signed on June 29, 2011.